```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
MALIBU MEDIA, LLC,                       :    18cv5611 (DLC)
                                         :
                    Plaintiff,           :    OPINION & ORDER
                                         :
          -v-                            :
                                         :
JOHN DOE subscriber assigned IP          :
address 66.108.252.117,                  :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES

For the Plaintiff:
Kevin T. Conway
664 Chestnut Ridge Road
Spring Valley, New York 10977

For the Defendant:
Leslie A. Farber
33 Plymouth Street, Suite 204
Montclair, New Jersey 07042

DENISE COTE, District Judge:

An Order of August 13, 2018, granted plaintiff Malibu Media LLC ("Malibu") leave to serve a third party subpoena on Time Warner Cable ("Time Warner") in order to ascertain the identity of the defendant. Malibu served a subpoena on Time Warner's successor, Charter Communications ("Charter"), returnable November 21. Defendant John Doe, the subscriber assigned IP address 66.108.252.117, ("John Doe") moved to quash that subpoena on September 24. For the reasons that follow, John

Doe's motion to quash is denied.

BACKGROUND

Malibu filed the complaint in this action on June 21, 2018, against the internet subscriber assigned the IP address 66.108.252.117, named in the complaint as "John Doe." The complaint alleges that the defendant downloaded, copied, and distributed copies of Malibu's copyrighted works without authorization using the BitTorrent file distribution network. BitTorrent is a "peer-to-peer" file sharing system which allows users to directly interact with each other to share large digital files. Malibu alleges that its investigator, IPP International UG, was able to establish a connection with John Doe's IP address using BitTorrent, and was then able to download several digital media files containing Malibu's copyrighted works. Malibu then used IP address geolocation technology to trace John Doe's IP address to a physical address located within the Southern District of New York. Malibu has filed over 1,000 cases using this technology, which has proven to be accurate to the District level in more than 99 percent of cases.

On July 1, Malibu moved for leave to file a third party subpoena on Time Warner, which was the Internet Service Provider ("ISP") for John Doe's IP address, to obtain John Doe's identity. An Order of August 13 ("the August 13 Order") granted Malibu leave to serve a Rule 45 subpoena on Time Warner to

identify John Doe -- specifically, her or his true name and current and permanent address. The August 13 Order directed Malibu not to subpoena the ISP for John Doe's email address or telephone number. The Order also included an attached "Notice to Defendant" which Time Warner was required to serve on John Doe along with a copy of the subpoena within 60 days of service of the subpoena upon Time Warner. The Notice to Defendant apprised John Doe of the claims against him or her and offered him or her the option to proceed anonymously. The August 13 Order further provided that John Doe would have 30 days from the service of the subpoena upon him or her to file any motions with the Court contesting the subpoena, including a motion to quash.

Malibu served Time Warner's successor, Charter, with a subpoena returnable November 21, 2018 ("the Subpoena") along with the Notice to Defendant. On August 23, Charter served a copy of the Subpoena and the Notice to Defendant on John Doe. John Doe moved to quash the Subpoena on September 24. That motion became fully submitted on October 9.[1]

---

[1] On October 18, Malibu requested leave to file a sur-reply in order to respond to new arguments raised for the first time in John Doe's reply. A memo endorsement of October 19 denied that request without prejudice to reconsideration at the time the motion was addressed. Because neither of the new arguments raised for the first time in the reply affect the Court's denial of John Doe's motion to quash, no sur-reply is necessary.

3

DISCUSSION

The Federal Rules of Civil Procedure provide that a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Subpoenas issued pursuant to Rule 45, like all forms of discovery, are subject to the relevance requirements of Rule 26: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed R. Civ. P. 26(b)(1).

John Doe's motion appears to assert that the Subpoena must be quashed because it "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). Although it is not entirely clear what privilege or protection John Doe seeks to invoke, he appears to generally assert a right to anonymity. "The Supreme Court has recognized that the First Amendment provides protection for anonymous speech." Arista Records, LLC v. Doe 3, 604 F.3d 110, 118 (2d Cir. 2010). "To the extent that anonymity is protected by the First Amendment, a court should quash or modify a subpoena designed to breach anonymity." Id. But, "to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment."

4

Id. In analyzing whether this qualified privilege requires that the subpoena be quashed, courts in this Circuit consider:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

Id. at 119 (citation omitted).

With respect to the first factor, Malibu has made out a prima facie claim of copyright infringement. "To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." Urbont v. Sony Music Entertainment, 831 F.3d 80, 88 (2d Cir. 2016). Malibu has alleged that it has valid copyrights in the works listed in Exhibit B to its complaint, and that its investigator was able to download unauthorized copies of these works via BitTorrent from the defendant's IP address.

Second, the discovery request is specific. The subpoena seeks only the name and address of the specific subscriber who has been assigned the identified IP address. This information will allow Malibu to conduct further investigation into whether the subscriber is in fact responsible for infringing the protected works.

Third, there are no reasonable alternative means for Malibu

5

to obtain the information.  The BitTorrent software that was used to infringe the copyrighted works only identifies users by their IP address.  The identity of the subscriber to whom that IP address has been assigned is in the hands of the ISP.  John Doe has not identified any reasonable alternative means of obtaining that information.

Fourth, the subpoenaed information is necessary to advance the claim.  Without John Doe's name and address, Malibu will be unable to serve the complaint and pursue litigation.  Further, as discussed in more detail below, obtaining the subscriber's name and address is a logical and necessary first step in investigating whether the subscriber is the actual infringer.

Finally, John Doe has only a limited expectation of privacy in the information sought by Malibu.  That interest is outweighed by Malibu's right to use the judicial process to pursue its copyright claims.  Safeguards have been put in place to protect John Doe's privacy.  The subscriber has been offered the option to proceed as a "John Doe," minimizing the risk of embarrassment and coercive settlement.

John Doe additionally asserts that the Subpoena subjects him or her to an undue burden and therefore must be quashed. This argument is unavailing.  The "undue burden" language in Rule 45 refers to the burden on the party to which the subpoena is directed -- that is, the burden of actually finding and

producing the requested documents or information. Thus, "[i]n the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975); see also, Malibu Media, LLC v. Doe, 15cv3147 (AJN), 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016) ("Courts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden"); In re Rule 45 Subpoena Issued to JP Morgan Chase Bank, N.A., 16mc416 (JSR), 319 F.R.D. 132, 135 (S.D.N.Y. Dec. 9, 2016) (same); Malibu Media, LLC v. Doe No. 4, 12cv2950 (JPO), 2012 WL 5987854, at *2 (S.D.N.Y Nov. 30, 2012) ("[C]ourts in various jurisdictions around the country have extensively addressed this issue in copyright BitTorrent actions . . . and those courts have held that John Doe Defendants generally have no standing to move to quash a subpoena that is issued to a third party, such as an ISP, on the basis of undue burden." (citation omitted)). John Doe lacks standing to object to the Subpoena on the basis of undue burden.

Finally, John Doe argues that the information sought will not lead to the identification of the actual infringer. While the information sought by the Subpoena may not conclusively identify the actual infringer, it is certainly relevant to

7

proving Malibu's claims.  Malibu need not prove that John Doe is the actual infringer in order to subpoena relevant information.

John Doe also asserts that venue and personal jurisdiction are improper in this District.  Should the defendant be served, the defendant may then raise a challenge to personal jurisdiction or venue, along with any other defenses he or she wishes to raise.

## CONCLUSION

John Doe's September 24 motion to quash the Subpoena is denied.

Dated:　　New York, New York
　　　　　November 16, 2018

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　United States District Judge